FRANCES D. WOODRUFF, RESPONDENT, *v.* ELIZABETH YOUNG, AS EXECUTRIX, ETC., OF JAMES YOUNG, DECEASED, APPELLANT.

*Surrogate — jurisdiction over executors — he cannot compel them to account for property held as the agents for a legatee.*

Upon the hearing of an applicaton to compel executors to account, in a Surrogate's Court, in respect to certain specific securities, it appeared that, prior thereto, a settlement had been made between the legatee seeking to compel the accounting, and the executors, by which the said securities were transferred to the the said legatee as a part of her share in the estate.

*Held,* that, after such settlement, the securities were held by the executors as agents and trustees for the legatee, and not as executors, and that the surrogate had no power to compel them to account for their actions in regard to them.

*Bonfanti* v. *Deguerre* (3 Bradf., 431) distinguished.

APPEAL from so much of an order made by the surrogate of the county of Livingston as requires the defendant to account in respect to certain securities, known as the Gibbs and Lake mortgages.

*D. W. Noyes,* attorney for the appellant.

*S. Hubbard,* of counsel.

*James Wood,* for the respondent.

SMITH, P. J.:

The order of the surrogate evidently assumes the validity and binding force of the alleged settlement made between the parties to this appeal in 1868, wherein the Gibbs and Lake mortgages were transferred by the executrix to Mrs. Woodruff towards her share of the estate, as then ascertained and settled, and the remainder was paid to her in money. Upon no other assumption has Mrs. Woodruff any interest in those specific securities, her right, independently

of that settlement, being simply to share with the other legatees in the entire estate, of which those securities were a part. But in respect to the mortgages named, the defendant, if liable at all, is liable not as executrix, but as the agent and trustee of the plaintiff. The surrogate has not jurisdiction to call the defendant to account as such agent and trustee. The remark made in the case of *Bonfanti* v. *Deguerre* (3 Bradf., 431), cited by the respondent's counsel, that the court will not regard the discharge of an executor out of court, is inapplicable to the present case, inasmuch as the settlement between the executor and the legatee is here assumed to be valid, and upon that ground alone is the defendant held liable to account for the particular securities referred to. The liability, if any exists in respect to those securities or their proceeds, can only be enforced in a court of general jurisdiction.

The order appealed from should be reversed, with ten dollars costs and disbursements.

Hardin and Barker, JJ., concurred.

So ordered.